MEF:TJS
F.# 2004R02605

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -                                                            04 CR 1068 (DI)

DOMINICK DIONISIO,
  also known as "Black Dom,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


THE GOVERNMENT'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS


                                                            ROSLYNN R. MAUSKOPF
                                                            United States Attorney
                                                            Eastern District of New York
                                                           147 Pierrepont Street
                                                           Brooklyn, New York 11201


Thomas J. Seigel
Assistant U.S. Attorney
     (Of Counsel)

**PRELIMINARY STATEMENT**

The government respectfully submits this memorandum of law in opposition to the defendant's motion to dismiss the indictment on double jeopardy grounds. The defendant argues that because he has previously been convicted, upon a plea of guilty, of substantive racketeering as an associate of the Colombo organized crime family (the "Colombo family"), he cannot now be prosecuted for the crime of racketeering conspiracy where the enterprise is the Colombo family. The defendant's double jeopardy argument is fundamentally flawed. As discussed infra, the well-settled law of the Second Circuit, which Dionisio does not cite or discuss, holds that racketeering conspiracy and substantive racketeering are separate offenses for double jeopardy purposes. See United States v. Sessa, 125 F.3d 68 (2d Cir. 1997). Thus, a racketeering conspiracy charge can be properly brought against a defendant after he has been convicted for substantive racketeering even if the same enterprise and pattern of racketeering activity are alleged.

While Dionisio has previously been charged with racketeering conspiracy, Dionisio has never been tried or convicted of racketeering conspiracy; therefore, jeopardy never attached to that offense. Accordingly, Dionisio's analysis is a misinterpretation of the law of double jeopardy, and he has no grounds to challenge the present indictment under the Double Jeopardy Clause.

Dionisio's argument would have more properly been founded on the terms of his 2001 plea agreement and principles of contract interpretation and res judicata, not double jeopardy. Specifically, Dionisio might have argued that the prior dismissal of the 2001 racketeering conspiracy count under the terms of a plea agreement with this Office now bars the

present prosecution. While a motion based on the terms of the plea agreement would be the more correct legal attack, the clear terms of the agreement, the distinct pattern of racketeering activity in the present indictment and the applicable case law make clear that this argument would nonetheless fail. Accordingly, the indictment should not be dismissed, and the defendant's motion should be denied.

## STATEMENT OF FACTS

Dominick Dionisio has been an associate of the Colombo family since approximately 1990. During the 1990s, Dionisio was a prolific and extremely profitable part of that racketeering enterprise. In the early 1990s, he was involved in crimes of violence such as robbery and attempted murder. By the mid-to-late 1990s, Dionisio had become an expert in stock market "pump and dump" schemes. He made millions of dollars for himself and the Colombo family through securities fraud. Not surprisingly, Dionisio's conduct drew the attention of law enforcement. He was the subject of federal wiretaps in 1997 and 1998, and in 1999, Dionisio and others were prosecuted by this Office (99-CR-589) for securities fraud in connection with several "pump and dump" stock schemes. It was a racketeering case, but the enterprise was a group of individuals involved in securities fraud, not the Colombo family. Dionisio pled guilty on April 27, 2000 to substantive racketeering (18 U.S.C. § 1962(c)), including predicate acts of securities fraud and money-laundering, and was sentenced by Judge Nina Gershon to 97 months incarceration. While on bail during that case, he continued his activities on behalf of the Colombo Family. Dionisio was remanded by Judge Gershon on September 26, 2000.

In 2001, Dionisio was indicted in this District on substantive racketeering and racketeering conspiracy charges involving the Colombo Family (01-CR-56). A copy of that indictment is attached hereto as <u>Exhibit A</u>. The time period of the racketeering charges was 1993 to 2001, and the identified pattern consisted of eleven particularized predicate acts. In that case, Dionisio pled guilty to one count of substantive racketeering (Section 1962(c), including predicate acts of loansharking, securities fraud, money-laundering and drug trafficking), and

4

Judge Reena Raggi sentenced him in June 2002 to 78 months imprisonment to run concurrently with Judge Gershon's sentence. Thus, his second case resulted in no additional period of incarceration. He is presently scheduled to be released in 2008. The other counts against Dionisio in the 2001 indictment, including the racketeering conspiracy count, were dismissed, on motion of the government, pursuant to the terms of the written plea agreement. A copy of that agreement is attached hereto as Exhibit B.

Dionisio's plea agreement in the 2001 case (01-CR-56) provides, in pertinent part:

> [the office agrees that] no further criminal charges will be brought against the defendant for the specific crimes charged against the defendant in the above-captioned superseding indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. [RICO]

Until the present indictment, Dionisio has escaped charges reflecting his most violent conduct. Now, because of recently-developed evidence, Dionisio can finally be held accountable for these acts of violence. The present racketeering conspiracy indictment contains four predicate acts: a 1991 attempted double murder, a 1991 robbery of a Yeshiva, a 1998-99 conspiracy to rob Hispanic narcotics traffickers, and a 1998-99 conspiracy to rob a marijuana dealer in lower Manhattan. A copy of that indictment is attached hereto as Exhibit C. The present prosecution was made possible, in large part, because of the recent cooperation of a Colombo family soldier in 2003 and a Colombo family associate in 2004, both of whom were co-conspirators of Dionisio in the four predicate acts (two each). None of these specific crimes has ever been charged against Dionisio.

5

**ARGUMENT**

I. **THE PRESENT INDICTMENT DOES NOT VIOLATE THE DOUBLE JEOPARDY CLAUSE**

The defendant's argument confronts neither the relevant case law regarding successive racketeering charges nor the specific facts of the prior 2001 indictment and plea agreement. Indeed, his argument represents a fundamental misconception of the Double Jeopardy Clause.

Dionisio has never been tried or convicted of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The Second Circuit has made clear that violations of Section 1962(c) (substantive racketeering) and Section 1962(d) (racketeering conspiracy) are separate offenses. United States v. Sessa, 125 F.3d 68, 73 (2d Cir. 1997).[1] In Sessa, the court held that a subsequent prosecution for a violation of Section 1962(d) was not barred under the Double Jeopardy Clause because of a prior conviction for a violation of Section 1962(c), even where the enterprise was the same. Id. Sessa further establishes that Dionisio's prior plea of guilty to substantive racketeering would be no bar, under the Double Jeopardy Clause, to the present prosecution – even if the enterprise and all of the predicate acts were identical to those set forth in the preceding substantive charge. Id. at 72 (holding the Double Jeopardy Clause "does not bar a second [racketeering conspiracy] prosecution based on conduct proved at the first trial") A fortiori, Dionisio's prior plea of guilty to substantive racketeering is no bar under the Double

---

[1] In an interesting coincidence, Larry Sessa was one of the two individuals that Dionisio attempted to murder as charged in the present indictment.

6

Jeopardy Clause here because the present racketeering conspiracy indictment charges not only a distinct offense but also different predicate acts.[2]

Dionisio appears to believe that the dismissal with prejudice of the specific racketeering conspiracy count charged in the 2001 indictment implicates the Double Jeopardy Clause. Jeopardy, however, never attached to the dismissed racketeering conspiracy count for which he was neither convicted nor acquitted. See Crist v. Bretz, 437 U.S. 28, 37-38 (1978) (holding jeopardy attaches when the jury is sworn or empaneled); North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (holding the Double Jeopardy Clause protects against a second prosecution for the same offense following acquittal or conviction and multiple punishments for the same offense); accord United States v. Pettus, 303 F.3d 480, 486 (2d Cir. 2002). While a "dismissal with prejudice" bars any further prosecution on "the same charges," United States v. Brown, 90 F. Supp. 2d 841, 844 (E.D. Mich. 2000) (citing United States v. Stricklin, 591 F.2d 1112, 1120 (5th Cir. 1979)), the prohibition does not arise from the Double Jeopardy Clause because jeopardy did not attach.[3] Cf. Brown, 90 F. Supp. 2d at 844.

---

[2] Even if Dionisio had previously been acquitted or convicted of racketeering conspiracy where the enterprise was the Colombo family, the present indictment would still be proper under the Double Jeopardy Clause because the pattern of racketeering activity, that is, the predicate acts, are different. See United States v. DeCologero, 364 F.3d 12, 18 (1st Cir. 2004) ("Every circuit to have examined the issue has agreed that double jeopardy only bars successive RICO charges involving both the same enterprise and the same pattern of racketeering activity."). In DeCologero, the First Circuit held that there was no double jeopardy problem with a successive racketeering prosecution following an initial acquittal because the pattern of racketeering activity, i.e., the predicate acts, were different. Id. Accord United States v. Langella, 804 F.2d 185, 188-89 (2d Cir. 1986).

[3] Assuming arguendo the government were to attempt to re-indict the identical charges that had been previously dismissed with prejudice by the same court, that effort would likely be barred by res judicata or claim preclusion, not double jeopardy.

7

Because the specific charge of racketeering conspiracy was dismissed with prejudice by the court in connection with the defendant's guilty plea to substantive racketeering, Dionisio was not put in jeopardy with regard to the dismissed charge. Accordingly, Dionisio finds no basis for the present motion under the double jeopardy provision of the Fifth Amendment to the Constitution.

## II. THE PRIOR PLEA AGREEMENT DOES NOT BAR THE PRESENT INDICTMENT

Though he has not articulated the argument as such, the thrust of Dionisio's position is that the government's agreement to dismiss the 2001 racketeering conspiracy count precludes the present charge. The plain terms of the prior plea agreement and the distinct pattern of racketeering activity alleged in this case, however, make the argument untenable.

The plea agreement states that the government will not bring further criminal charges for the "specific crimes" charged in the indictment. It further contemplates the possibility of future racketeering prosecutions against Dionisio. The relevant provision is clear:

> [the office agrees that] no further criminal charges will be brought against the defendant for the specific crimes charged against the defendant in the above-captioned superseding indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. [RICO]

The term "specific crimes" plainly means the particular charges contained in the indictment and not a categorical prohibition against all future prosecution under a particular same statutory provision, such as Section 1962. The plea agreement, therefore, cannot be read to provide that Dionisio would never be prosecuted under Section 1962(d) – indeed, quite the opposite. The agreement even permits the government to use the same "conduct" as "predicate acts" in future

8

racketeering prosecutions. Thus, the prohibition in the plea agreement against future charges for the "specific" crimes set forth in the indictment cannot possibly prevent a later indictment under Section 1962(d) where a distinct pattern of racketeering activity is alleged.[4] Therefore, by simply affording the term "specific crimes" its ordinary meaning and acknowledging the parties' express understanding regarding future racketeering prosecutions, this Court, we submit, should conclude that the present indictment is proper.

The current racketeering conspiracy charge cannot, in any way, be said to be the "specific" racketeering conspiracy charge dismissed pursuant to the prior plea agreement. In 2001, DIONISIO was named in predicate acts involving loansharking, distribution of marijuana and ecstasy, money-laundering and securities fraud. There were no predicate acts involving robbery or murder and no predicate acts from earlier than 1993. See DeCalogero, 364 F.3d at 18 (holding, in double jeopardy context, that distinct patterns of racketeering activity in two indictments established that the two racketeering charges were not the same).

Here, by contrast, DIONISIO is charged with conspiring to participate in the affairs of the Colombo Family through a pattern of attempted murders and robberies from 1991 to 2000. He has never been charged with either robbery or attempted murder. In his motion, Dionisio makes no attempt to claim that the first two predicate acts (the 1991 attempted double murder and Yeshiva robbery) have any overlap with the 2001 indictment. With regard to the Racketeering Act 4, which is described in the indictment as a conspiracy to rob marijuana "from

---

[4] The government concedes that the defendant's motion would be more complicated if the government had included some of the previously-charged predicate acts in the current indictment. That issue, however, is not before this Court because none of the previously-charged predicate acts is re-alleged in the present matter.

a white male residing in the vicinity of Battery Park City in Lower Manhattan," Dionisio vaguely claims that this predicate act is improper because one of the predicate acts in the 2001 indictment was marijuana trafficking. Dionisio, however, does not contend, nor could he, that a robbery conspiracy and a drug distribution conspiracy are the same offense. He received no coverage in his plea agreement for any robberies, and this particular armed robbery was not even known to the government until 2004. The argument that his plea of guilty to one predicate act of conspiracy to distribute marijuana precluded any and all later charges that he engaged in armed robberies to obtain marijuana is illogical and without any support in the case law or the plea agreement.[5]

Finally, while Dionisio's argument regarding the third racketeering act, a separate conspiracy to rob Hispanic drug traffickers, has at least a superficial appeal, it is ultimately unavailing. Again, the crime of committing armed robbery to steal marijuana is distinct from the crime of conspiring to distribute marijuana. Dionisio does not dispute this point. Thus, like the other three predicate acts, Racketeering Act Three is a new predicate act and not a "specific crime" charged in the 2001 indictment. Assuming _arguendo_, however, that the robbery conspiracy predicate act in Racketeering Act Three was somehow deemed to be covered conduct under the term "specific crime" in the prior plea agreement, the very same agreement still permits the government to use this "conduct" in a future prosecution under Section 1962 as a "predicate act." Accordingly, while the government does not dispute that the marijuana

---

[5]In addition, Dionisio himself contends that the marijuana he conspired to distribute, as charged in a predicate act in the 2001 indictment, came from the robbery that is currently charged as Racketeering Act Three in the present indictment. Thus, he cannot possibly maintain that Racketeering Act Four, a distinct robbery with a different victim, was in some way subsumed by the marijuana-trafficking predicate act from the 2001 indictment.

a white male residing in the vicinity of Battery Park City in Lower Manhattan," Dionisio vaguely claims that this predicate act is improper because one of the predicate acts in the 2001 indictment was marijuana trafficking. Dionisio, however, does not contend, nor could he, that a robbery conspiracy and a drug distribution conspiracy are the same offense. He received no coverage in his plea agreement for any robberies, and this particular armed robbery was not even known to the government until 2004. The argument that his plea of guilty to one predicate act of conspiracy to distribute marijuana precluded any and all later charges that he engaged in armed robberies to obtain marijuana is illogical and without any support in the case law or the plea agreement.[5]

Finally, while Dionisio's argument regarding the third racketeering act, a separate conspiracy to rob Hispanic drug traffickers, has at least a superficial appeal, it is ultimately unavailing. Again, the crime of committing armed robbery to steal marijuana is distinct from the crime of conspiring to distribute marijuana. Dionisio does not dispute this point. Thus, like the other three predicate acts, Racketeering Act Three is a new predicate act and not a "specific crime" charged in the 2001 indictment. Assuming _arguendo_, however, that the robbery conspiracy predicate act in Racketeering Act Three was somehow deemed to be covered conduct under the term "specific crime" in the prior plea agreement, the very same agreement still permits the government to use this "conduct" in a future prosecution under Section 1962 as a "predicate act." Accordingly, while the government does not dispute that the marijuana

---

[5]In addition, Dionisio himself contends that the marijuana he conspired to distribute, as charged in a predicate act in the 2001 indictment, came from the robbery that is currently charged as Racketeering Act Three in the present indictment. Thus, he cannot possibly maintain that Racketeering Act Four, a distinct robbery with a different victim, was in some way subsumed by the marijuana-trafficking predicate act from the 2001 indictment.

trafficking charged in the 2001 indictment came about because of the armed robbery charged in the present indictment as Racketeering Act Three, they remain two separate crimes, and the plain language of the plea agreement permits the prosecution of the robbery conspiracy as a predicate act in the present indictment. Dionisio cannot, therefore, claim that the government has violated the terms of the agreement by including Racketeering Act Three.[6]

Because the parties agreed that the government could bring future racketeering prosecutions and because the present racketeering conspiracy charge includes a very distinct pattern of racketeering activity, the present indictment is allowed under the terms of the plea agreement and therefore does not offend the principle of res judicata.

---

[6]If, however, this Court were to disagree, the result would not be the dismissal of the indictment but rather the deletion of Racketeering Act Three.

**CONCLUSION**

For the foregoing reasons, the government respectfully submits that the motion should be denied


Dated: Brooklyn, New York
       June 30, 2005


                                Respectfully submitted,

                                ROSLYNN R. MAUKOPF
                                United States Attorney


                By:    /S/ Thomas J. Seigel
                        Thomas J. Seigel
                        Assistant U.S. Attorney