```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
UNITED STATES,                                         :
                                                       :
            -against-                                  :
                                                       :         **MEMORANDUM & ORDER**
DOMINICK DIONISIO,                                     :
also known as "BLACK DOM,"                             :         04-CR-1068 (DLI)
                                                       :
                                    Defendant.         :
------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant Dominick "Black Dom" Dionisio was indicted on one count of racketeering conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d) (hereinafter the "2004 indictment"). Defendant moves for a second time to dismiss the 2004 indictment on double jeopardy grounds and on a breach of plea agreement ("*Santobello*[1]") theory. The court held oral argument on defendant's motion on November 24, 2009, and allowed further briefing on the issues. For the reasons that follow, defendant's motion is denied in its entirety.

## **FACTS**

The facts underlying this matter were discussed at length in the court's September 15, 2006 Memorandum & Order, *United States v. Dionisio*, 415 F. Supp. 2d 191 (2006), which denied defendant's original motion for dismissal of the indictment on double jeopardy and *Santobello* grounds. The court's decision was affirmed by the Second Circuit, finding no double jeopardy violation and without reaching the *Santobello* issue in *United States v. Dionisio*, 503 F.3d 78 (2d Cir. 2007). As such, the parties' familiarity with the factual and procedural history

---

[1] *Santobello v. New York*, 404 U.S. 257 (1971).

of this case is presumed. The facts are repeated here only to the extent they are relevant to defendant's renewed motion to dismiss.

This motion arises from the 2004 indictment of defendant Dionisio on a single charge of RICO conspiracy. The predicate acts underlying the 2004 indictment include: a 1991 attempted double murder; a 1991 robbery of a Yeshiva employee; a 1998-1999 conspiracy to rob Mexican marijuana traffickers; and a 1998-1999 conspiracy to rob a marijuana dealer in lower Manhattan.

This court previously denied defendant's motion to dismiss the indictment on the grounds of double jeopardy and *Santobello* in its February 2006 Memorandum & Order. *See Dionisio*, 415 F. Supp. 2d 191. On appeal, the Second Circuit affirmed this court's double jeopardy decision, holding, on a question of first impression in this Circuit, that "no jeopardy attached as a result of Dionisio's plea agreement and the subsequent dismissal of some counts with prejudice" because there was no adjudication of the elements of those charges, and declined to review the court's ruling regarding defendant's *Santobello* claims. *Dionisio*, 503 F.3d 78. Defendant then petitioned the Second Circuit for either a panel rehearing or a rehearing *en banc*, asserting that his factual allocution to a substantive RICO charge in a separate 2001 indictment resulted in the resolution of some or all of the elements in the RICO conspiracy charge (also charged in the 2001 indictment) that was dismissed with prejudice at sentencing pursuant to the plea agreement. *See* Brief of Defendant-Appellant at 2, *United States v. Dionisio*, 2007 WL 6496991 (2d Cir. Oct. 11, 2007). On March 24, 2008, the Second Circuit denied defendant's petitions. On October 6, 2008, the United States Supreme Court denied defendant's petition for a writ of certiorari. *United States v. Dionisio*, 129 S. Ct. 158 (2008).

On May 11, 2009, defendant filed a renewed letter motion to dismiss the 2004 indictment before this court, again basing his claims on double jeopardy and *Santobello* violations.

2

Defendant's renewed double jeopardy motion is based on "additional facts never provided before." (Def.'s Mot. at 1.) These purportedly new facts come from the transcript of defendant's January 15, 2002 guilty plea proceeding before then U.S. District Court Judge Reena Raggi. As such, defendant raises the same argument regarding the double jeopardy issue in this renewed motion that he raised in his 2007 petition for a rehearing before the Second Circuit. Regarding the *Santobello* issue, defendant again claims that he entered into the 2001 plea agreement with the express understanding that the RICO conspiracy charged in the 2001 indictment would be dismissed with prejudice, and that the 2001 RICO conspiracy was not limited to the specific predicate acts he was charged with in the 2001 indictment. (Def.'s Mot. at 8.) Accordingly, defendant asserts that the 2001 plea was supposed to foreclose any future prosecution under the RICO statute based upon the same conduct underlying the 2001 indictment. (*Id.*) Defendant contends further that he had specific discussions with the Assistant U.S. Attorneys ("AUSAs") who prosecuted the 2001 indictment in which they represented that Mr. Dionisio could only be prosecuted again under the same RICO statutes for the same criminal conduct if his conduct somehow furthered the affairs of a different enterprise. (*Id.* at 10.)

For the following reasons, defendant's renewed motion to dismiss the 2004 indictment is denied in its entirety.

## DISCUSSION

I. Double Jeopardy

    a. Mandate Rule

The so-called "mandate rule" provides that "where issues have been . . . decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (quoting *United States v. Minicone*,

994 F.2d 86, 89 (2d Cir. 1993)). "In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." *Id*. "When an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). This doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Burrell*, 467 F.3d at 165 (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)).

On appeal, the Second Circuit unambiguously held that the requirements for the attachment of jeopardy established by the Supreme Court precedent had not been met. *Dionisio*, 503 F.3d at 89. For that reason, the court concluded that Dionisio's 2004 indictment was not barred by the Double Jeopardy Clause. *Id*. If there was any doubt that the court failed to consider the "additional facts" cited by defendant in the instant motion, that doubt was resolved by the court's denial of defendant's petition for either a panel rehearing or a rehearing *en banc*. As mentioned above, in his petition to the Second Circuit for a rehearing, defendant made the same arguments that he makes now—that the panel overlooked defendant's factual allocution to the substantive RICO charge in the 2001 indictment, which resulted in the resolution of some or all of the elements in the RICO conspiracy charge dismissed with prejudice at sentencing pursuant to the 2001 plea agreement. The Second Circuit summarily dismissed defendant's petition. Accordingly, the mandate rule bars this court's consideration of defendant's renewed double jeopardy argument.

b. Merits

Assuming, *arguendo*, that the mandate rule does not bar consideration of the double jeopardy issue, the court finds that jeopardy did not attach as a result of defendant's plea

allocution before Judge Raggi and the subsequent dismissal of the racketeering conspiracy count with prejudice. The Double Jeopardy Clause, providing that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," U.S. CONST. amend V, prohibits "successive punishments and . . . prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993). In determining whether the Double Jeopardy Clause prohibits a particular prosecution, it is useful for the court to "to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.'" *Serfass v. United States*, 420 U.S. 377, 388 (1975). According to the Second Circuit's ruling in this case, jeopardy attaches in the pre-trial context "when the disposition of an individual's indictment entail[s] findings of facts on the merits such that the defendant was placed in jeopardy by the making of such findings." *Dionisio*, 503 F.3d at 85. The "core question" is "whether there has been a fact-based resolution of elements of the charges as a result of a process in which the defendant risked conviction." *Id*. After reviewing Mr. Dionisio's plea allocution (along with the transcript of defendant's sentencing before Judge Raggi), it is clear that the dismissal of the racketeering conspiracy count in the 2001 indictment arose solely as a result of the parties' negotiated plea agreement, and did not entail "findings of facts on the merits such that the defendant was placed in genuine jeopardy by the making of such findings." *Dionisio*, 503 F.3d at 83.

Accordingly, defendant's renewed motion to dismiss the 2004 indictment on double jeopardy grounds is denied.

II. *Santobello*

    a. Law of the Case

The law of the case doctrine "is implicated when a court reconsiders its own ruling in the absence of an intervening ruling on that issue by a higher court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). This doctrine requires that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Id.* (internal citations and quotation marks omitted). "Cogent" and "compelling" reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir. 2000).

As noted above, the court previously ruled that the 2001 plea agreement is clear—it precludes the government from bringing additional criminal charges against the defendant for the *specific crimes* charged in the 2001 indictment but expressly permits the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution pursuant to 18 U.S.C. §§ 1961 *et seq. Dionisio*, 415 F. Supp. 2d at 200-01. Accordingly, the court held that the government did not breach the 2001 plea agreement by charging Mr. Dionisio with RICO conspiracy in the 2004 indictment.[2] Defendant has failed to cite any intervening change of law, new evidence, or the need to correct clear error or prevent manifest injustice which would cause the court to reconsider its ruling. Rather, defendant merely relies on his counsel's personal account of discussions with former AUSAs on this case as to the meaning of the plea agreement. However, this argument was raised by defendant at the oral argument on the initial *Santobello*

---

[2] None of the predicate acts alleged in the 2001 indictment are realleged in the 2004 indictment. The predicate act at issue in the 2001 indictment was a marijuana distribution conspiracy. The predicate act at issue in the 2004 indictment is the robbery of a marijuana dealer. These are two distinct crimes.

motion, and previously rejected by the court. In the absence of a cogent and compelling reason to reconsider its prior ruling, the law of the case doctrine controls.

    b. Merits

Even if the court were to reconsider its prior ruling, it is well settled in this Circuit that plea agreements are analyzed pursuant to contract law principles. *See United States v. Palladino*, 347 F.3d 29, 32-33 (2d Cir. 2003). New York's "parol evidence rule forbids proof of an oral agreement that might add to or vary the terms of a written contract that was intended to embody the entire agreement between the parties." *Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997) (internal quotation marks omitted). The plea agreement includes a "merger clause" which provides that:

> [n]o promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior promises, agreements or conditions between the parties.

(Plea Agreement at ¶ 7.) Moreover, at sentencing, Judge Raggi asked both defendant and the government whether "all understandings between the parties [were] embodied" in the written plea agreement. (Sentencing Tr. at 21.) Both defendant and the government agreed that they were. (*Id.*) Accordingly, defendant's renewed motion is denied on *Santobello* grounds as well.

## CONCLUSION

For the reasons set forth above, defendant's renewed motion to dismiss the 2004 indictment is denied in its entirety.

DATED:    Brooklyn, New York
              January 8, 2010

                                                    _____/s/_____
                                                            DORA L. IRIZARRY
                                                     United States District Judge