# MANDATE

10-155-cr
United States v. Dionisio

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand eleven.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
              Circuit Judges.

---

UNITED STATES OF AMERICA,

    *Appellee*,

    -v.-                                         10-155-cr

DOMINICK DIONISIO,

    *Defendant-Appellant*.

---

FOR APPELLANT:    James R. Froccaro, Jr., Port Washington, NY.

FOR APPELLEES:    Nicole M. Argentieri, David C. James, and James D. Gatta, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**MANDATE ISSUED ON 04/12/2011**

Appeal from an order of the United States District Court for the Eastern District of New York (Irizarry, *J.*), which denied Appellant's renewed motion to dismiss the indictment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Appellant Dominick Dionisio appeals from an order of the United States District Court for the Eastern District of New York (Irizarry, *J.*), which denied his motion to dismiss the indictment on account of double jeopardy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review Dionisio's double jeopardy challenge *de novo*. *United States v. Dionisio* (*Dionisio I*), 503 F.3d 78, 81 (2d Cir. 2007). Here, the district court denied Dionisio's motion pursuant to the law-of-the-case doctrine's mandate rule. The mandate rule provides: "where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (internal quotation mark omitted). "In other words, the trial court is barred from reconsidering or

modifying any of its prior decisions that have been ruled on by the court of appeals." *Id.* (internal quotation marks omitted). "When an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). The mandate rule "forecloses relitigation of issues expressly or *impliedly* decided by the appellate court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation mark omitted).

In *Dionisio I*, we held that jeopardy had not attached to the dismissed conspiracy charge because Dionisio never faced a genuine risk of conviction for that charge. *Dionisio I*, 503 F.3d at 89. Dionisio petitioned this court for rehearing or rehearing *en banc*, making the same arguments he makes today. In his rehearing petition, he included a transcript of his guilty plea. We rejected his argument that allocuting to "some" elements relevant to the conspiracy charge placed him at genuine risk of conviction. *See United States v. Dionisio*, No. 06-0908-cr (2d Cir. Mar. 24, 2008) (order denying rehearing).

3

1      Consequently, the mandate rule precluded the district

2      court from considering Dionisio's renewed motion.  We have

3      considered Dionisio's additional arguments on appeal and

4      have found them to be without merit.  Accordingly, the order

5      of the district court denying Dionisio's motion to dismiss

6      the indictment is hereby **AFFIRMED**.

                                       FOR THE COURT:
                                       Catherine O'Hagan Wolfe, Clerk

*[Signature: Catherine O'Hagan Wolfe, with Second Circuit seal]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[Signature: Catherine O'Hagan Wolfe, with Second Circuit seal]*