**JAMES R. FROCCARO, JR.**
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

February 15, 2012

<u>BY ECF & HAND DELIVERY</u>
Hon. Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

               Re:  <u>United States v. Dominick Dioinisio</u>
                     04 Cr 1068 (DLI)

Dear Judge Irizarry:

     I have reviewed the letter that the government submitted to Honor in connection with Mr. Dionisio's sentencing, dated February 14, 2012. This will serve as a brief reply.

     Notably, the government agrees that a non-Guidelines sentence would be appropriate, and that substantial downward departures are also, in any event, warranted in Mr. Dionisio's particular case under the advisory Guidelines based upon the 97 month term of imprisonment he discharged during the pendency of this case <u>and</u> his extraordinary family circumstances.

1

    Mr. Dionisio has already served a very lengthy prison term. His 97 month sentence sent a clear message to Mr. Dionisio specifically, and to the public generally, to respect the law and to deter future criminal conduct.  Since Mr. Dionisio completed serving that sentence, he has turned his life around.  He successfully completed a three-year term of supervised release.  He is gainfully employed and a productive, law-abiding member of the community.  And, he has also became a loving and devoted family man.  Most significantly, however, the government has acknowledged in its letter to Your Honor that Mr. Dionisio has cut his ties to <u>and</u> is no longer an associate of organized crime.

    Over the course of the past four years, Mr. Dionisio has clearly demonstrated that he is rehabilitated and a role model to follow. Mr. Dionisio is sending a powerful message to others, including prospective organized crime defendants, that crime does not pay, old ties should and can be severed, and lawful means of employment are available and can be successfully pursued in the community.

    In sum, to send Mr. Dionisio back to prison now after all that he has accomplished, would be an injustice, not only to he and his mentally challenged brother (who would become a Ward of the State without him), but also to others in the community who would follow his lead.

                              Respectfully submitted,

                                     /JRF/

                              James R. Froccaro, Jr.

JRF:tp